CLERK'S OFFICE U.S. DISTRICT COURT
FILED

SEP 04 2025

LAURA A. AUSTIN, CLERK
BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## LYNCHBURG DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case No.: 6:25CR18 |
| | ) | |
| v. | ) | **SEALED INDICTMENT** |
| | ) | |
| | ) | In Violation of: |
| | ) | 18 U.S.C. §§ 922(a)(6) & 924(a)(2) |
| **GINA CHRISTINE SMITH** | ) | 18 U.S.C. §§ 932(b)(1) & 932(c)(1) |
| | ) | |
| | ) | |

The Grand Jury Charges that:

## COUNT ONE
(False Statement During Purchase of a Firearm)

1.      On or about November 29, 2024, in the Western District of Virginia, the defendant, GINA CHRISTINE SMITH, in connection with the acquisition of a firearm, to wit: a Beretta, PX4 Storm, 9-millimeter pistol, from Firearms Dealer A, a licensed dealer of firearms within the meaning of Chapter 44, Title 18, United States Code, did knowingly make a false and fictitious written statement to Firearms Dealer A, which statement was intended and likely to deceive Firearms Dealer A, as to a fact material to the lawfulness of the sale of said firearm under Chapter 44 of Title 18, United States Code, in that SMITH represented that she was the true transferee/buyer of the firearm when in fact SMITH was not the true transferee/buyer of said firearm.

2.   All in violation of Title 18, United States Code, Sections 922(a)(6) and 924(a)(2).

## COUNT TWO
(Straw Purchase a Firearm)

The Grand Jury further charges that:

3. On or about November 29, 2024, in the Western District of Virginia, the defendant, GINA CHRISTINE SMITH, knowingly purchased a firearm, to wit: a Beretta, PX4 Storm, 9-millimeter pistol, in and otherwise affecting interstate and foreign commerce for, on behalf of, and at the request and demand of Les Christopher Burns, knowing and having reasonable cause to believe that Les Christopher Burns:

a. had previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and

b. was under indictment for a crime punishable by imprisonment for a term exceeding one year, and

c. was subject to a court order issued on October 30, 2023, by the Lynchburg Juvenile and Domestic Relations Court, case number JA04182-01-00, that was issued after a hearing of which he received actual notice, and at which he had an opportunity to participate and that restrained him from harassing, stalking, or threatening his intimate partner, and that restrained him from engaging in other conduct that would place his intimate partner in reasonable fear of bodily injury to that partner, and that by its terms explicitly prohibited the use, attempted use, and threatened use of physical force against such intimate partner that would reasonably be expected to cause bodily injury.

4. All in violation of Title 18, United States Code, Sections 932(b)(1), and 932(c)(1).

## NOTICE OF FORFEITURE

1. Upon conviction of the felony offense alleged in this Information, the defendant

shall forfeit to the United States:

    a.   any firearms and ammunition involved or used in the commission of said offense, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

    b.   any firearms and ammunition involved or used in the commission of said offense, or possessed in violation thereof, pursuant to 18 U.S.C. § 934(a)(1)(B).

2.   The property to be forfeited to the United States includes but is not limited to the following property:

    **a.   Firearms**

| | Item Description |
|---|---|
| 1. | Beretta, Pietro PX4 Storm Compact, 9mm Pistol, SN: PX407996PB |
| 2. | All ammunition, magazines, and accessories associated with this firearms. |

3.   If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;
    b.   has been transferred or sold to, or deposited with a third person;
    c.   has been placed beyond the jurisdiction of the Court;
    d.   has been substantially diminished in value; or
    e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

ROBERT N. TRACCI
ACTING UNITED STATES ATTORNEY

*s/FOREPERSON*
FOREPERSON

9-4-25

3